UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20469-CIV-LENARD/LOUIS

**GRETER ALVAREZ MARTIN,**

      Plaintiff,

**v.**

**KILOLO KIJAKAZI,**
**Acting Commissioner of**
**Social Security,**

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 16), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (D.E. 14), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (D.E. 15), AFFIRMING THE COMMISSIONER'S DECISION, AND CLOSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Lauren F. Louis, ("Report," D.E. 16), issued February 8, 2023, recommending that the Court deny Plaintiff Greter Alvarez Martin's Motion for Summary Judgment, (D.E. 14), grant the Commissioner's Motion for Summary Judgment, (D.E. 15), and affirm the Commissioner's decision. Plaintiff filed Objections on February 22, 2023, to which the Commissioner did not respond. Upon de novo review of the Report, Objections, and the record, the Court finds as follows.

## I.    Background

This case involves applications for Social Security disability insurance benefits and supplemental security income under the Social Security Act ("Act"), 42 U.S.C. § 401, et

seq.  Because Plaintiff does not object to Judge Louis's recitation of the facts, the Court

repeats it here for consistency.

> On August 13, 2019, Plaintiff filed an application under Title II of the Act for Social Security disability insurance benefits and an application under Title XVI of the Act for supplemental security income,[1] claiming she was unable to work due to depression and bipolar disorder. (R. 103, 104, 133, 139, 248–251, 252–265).[2] Plaintiff claimed a disability onset date of December 16, 2017. (R. 248, 259).

> Plaintiff's applications were initially denied on September 19, 2019. (R. 87–94, 95–102). Upon reconsideration, Plaintiff's applications were again denied, on January 23, 2020. (R. 105–117, 118–130). Thereafter, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A hearing took place on April 21, 2021, before ALJ Rebecca Wolfe.

> In the decision, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with non-exertional limitations.[3] (R. 28). However, the ALJ found Plaintiff unable to perform her past relevant work as a general ledger bookkeeper. (R. 31). Instead, the ALJ, through the testimony of the vocational expert ("VE"), Donna P. Mancini, found that Plaintiff's age, education, work experience, and RFC enable her to "mak[e] a successful adjustment to other work that exists in significant numbers in the national economy." (R. 33). Accordingly, on May 3, 2021, the ALJ issued her decision finding that Plaintiff was not under a disability from December 16, 2017 through the date of the decision, (R. 33); a "Notice of Decision – Unfavorable" issued that same day, (R. 17–

---

[1]      See Smith v. Berryhill, 139 S. Ct. 1765, 1772 (2019) (citing Sims v. Apfel, 530 U.S. 103, 107, n.2 (2000)) (footnote omitted) ("The regulations that govern [Title II and Title XVI] are, for today's purposes, equivalent. Likewise, § 405(g) sets the terms of judicial review for each.").

[2]      Citations to the Certified Administrative Record (ECF No. 13) are indicated by "R." followed by the Acting Commissioner's Bates numbering stamp (the bold font numbers located in the bottom right-hand corner of each page).

[3]      Limitations or restrictions which affect a claimant's ability to meet the demands of jobs, other than strength demands, are considered non-exertional limitations. 20 C.F.R. § 416.969a(a). Examples of non-exertional limitations include difficulty functioning due to nervousness, anxiety, or depression or difficulty performing manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, crouching. See id. § 416.969a(c)(vi).

22). Plaintiff sought review from the Appeals Council, (R. 239–247), which subsequently denied her request for review on January 13, 2022. (R. 2–6).

Thus, under 42 U.S.C. § 405(g), Plaintiff has exhausted all forms of administrative review. Accordingly, Plaintiff commenced this action on February 15, 2022, seeking review of the ALJ's decision as a final decision of the Acting Commissioner. (ECF No. 1). Plaintiff and Defendant both filed Motions for Summary Judgment, which are now ripe for review.

(Report at 1-3 (footnotes in original).)  Plaintiff argued in her Motion for Summary Judgment that the ALJ failed to properly assess the supportability and consistency of the opinions of (1) Dr. Juan Ortiz, M.D., Plaintiff's treating psychiatrist, and (2) Dr. Jill Rowan, Ph.D., the State agency psychologist.  (D.E. 14 at 4-20.)

On February 8, 2023, Judge Louis issued her Report and Recommendation.  (D.E. 16.)  Judge Louis found, with specific citations to the record, that the ALJ's assessment of the supportability and consistency of Dr. Ortiz's medical opinion was sufficient under the governing standards.  (Id. at 13-16.)  Judge Louis further found that the ALJ "afforded Dr. Rowan's opinion weight in making her RFC finding, which mirrored the limitations noted in Dr. Rowan's findings"; "[t]he mere technical failure to articulate the consistency or supportability here does not warrant remand"; "[a]nd in any event, the ALJ did, in step two, indicate that she assessed the consistency of Dr. Rowan's opinion with respect to whether Plaintiff suffers from severe impairments."  (Id. at 17 n.7.)  Ultimately, Judge Louis found that the ALJ's RFC finding was supported by substantial evidence, and recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the ALJ's decision.  (Id. at 18.)

On February 22, 2023, Plaintiff filed Objections, (D.E. 17), to which Defendant did not respond.

## II.    Legal standard

Upon receipt of the Report and Recommendation and Plaintiff's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  In making its determination, the district court is given discretion and "is generally free to employ the magistrate judge's findings to the extent that it sees fit."  Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007).

A party cannot invoke the district court's de novo review of a magistrate judge's R&R simply by repeating the same arguments made in briefs filed before the R&R was issued:

> A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."

Holland v. Colvin, No. 4:14–CV–194–VEH, 2015 WL 1245189, at *3 (N.D. Ala. Mar. 18, 2015) (quoting VanDiver v. Martin, 304 F. Supp. 2d 934, 937-38 (E.D. Mich. 2004)).  Those portions of a magistrate judge's report and recommendation to which no proper objection has been made are reviewed for clear error.  See Lombardo v. United States, 222

F. Supp. 2d 1367, 1369 (S.D. Fla. 2002); see also Macort. v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that [i]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citations omitted).

The Court's role in the present action is limited to two issues: first, to determine whether the record contains substantial evidence to support the findings of the ALJ, and, second, to determine whether the ALJ applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Lewis, 125 F.3d at 1441. A court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). A court should not "reweigh the evidence or substitute [its] judgment for that of the Secretary. Even if the evidence preponderates against the Secretary, [a court] must affirm if the decision is supported by substantial evidence." Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). Nevertheless, reversal with remand is generally required where the ALJ fails to apply the correct legal standards. See Walker, 826 F.2d at 1001-02.

## III.   Discussion

In her Objections, Plaintiff simply (1) incorporates by reference the arguments set forth in her motion for summary judgment, (Obj. at 1), and (2) rehashes the arguments

asserted in her Motion for Summary Judgment while stating that she disagrees with Judge Louis's conclusion, (id. at 1-8).

"[I]t is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a second bite at the apple when they file objections to a[n] R & R."  Taylor v. Comm'r of Soc. Sec., Case No. 6:21-cv-440-WWB-DCI, 2022 WL 17464552, at *2 (M.D. Fla. Aug. 22, 2022) (quoting Hall v. Sargeant, Case No. 18-cv-80748-BLOOM/Reinhart, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018)).  See also Marlite, Inc. v. Eckenrod, No. 10–23641–CIV, 2012 WL 3614212, at *5 (S.D. Fla. Aug. 21, 2012) (same); Chubb & Son Inc. v. Kelleher, No. 92 CV 4484(CBA), 95 CV 0951(CBA), 2006 WL 2711543, at *2 (E.D.N.Y. Sept. 21, 2006) (finding that the "blanket assertion of the arguments" contained in prior filings "fails to direct the Court's attention to any specific error in [the magistrate judge's] R & R, which addressed and rejected the arguments"); Morrison v. Parker, 90 F. Supp. 2d 876, 877 (W.D. Mich. 2000) ("Plaintiff's general, nonspecific objections, purporting to incorporate by reference their earlier brief, are tantamount to no objection at all and do not warrant further review."); Casas Office Machines, Inc. v. Mita Copystar Machines, Inc., 847 F. Supp. 981, 985 (D.P.R. 1993) (rejecting objections because the "mere recitation of the existence of previous submissions does not suffice to amount to a specific objection") vacated on other grounds, 42 F.3d 668 (1st Cir. 1994).

Because Plaintiff merely incorporates by reference and rehashes the arguments set forth in her motion for summary judgment while stating that she disagrees with Judge

Louis's conclusion, the Court finds that Plaintiff has failed to properly object to the Report and Recommendation.  See Koda v. Comm'r of Soc. Sec., CASE NO.: 21-60934-SINGHAL/Valle, 2022 WL 4354042, at *2-3 (S.D. Fla. Sept. 20, 2022) (finding "objections" to report and recommendation to be "improper because they largely expand upon and reframe arguments already presented and considered by Judge Valle in the Report & Recommendation . . . , or they simply disagree with the Report's conclusions). Consequently, the Court reviews the Report for clear error.  Macort, 208 F. App'x at 784; Lombardo, 222 F. Supp. 2d at 1369.  See also Koda, 2022 WL 4354042, at *3.

After carefully considering the Report and the record, the Court finds that Judge Louis's findings and conclusions are not clearly erroneous.  See Borges v. Berryhill, Civil Action No. 17-22114-Civ-Scola, 2018 WL 1083964, at *2 (S.D. Fla. Feb. 27, 2018) (reviewing portions of R&R to which no proper objection was raised for clear error, and finding "not only no clear error but also . . . that Judge Torres's report is cogent and compelling"), aff'd sub nom. Borges v. Comm'r of Soc. Sec., 771 F. App'x 878 (11th Cir. 2019).

Even under de novo review, the Court finds that the record contains substantial evidence to support the ALJ's findings and that the ALJ applied the correct legal standards.

## IV.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.    The Report and Recommendation of the Magistrate Judge (D.E. 27) issued February 8, 2023 is **ADOPTED**;

2.    Plaintiff's Motion for Summary Judgment (D.E. 14) is **DENIED;**

3.      The Commissioner's Motion for Summary Judgment (D.E. 15) is

**GRANTED**;

4.      The Commissioner's decision is **AFFIRMED**;

5.      **FINAL JUDGMENT** will be entered by separate docket entry;

6.      All pending motions are **DENIED AS MOOT**; and

7.      This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of March,

2023.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

8